# IN THE COURT OF APPEALS OF IOWA

No. 13-1191
Filed November 25, 2015

**STATE OF IOWA, EX REL.**
**MARKESE WILLIAMS,**
        Petitioner-Appellee,

**vs.**

**ERIC C. ONYANGO,**
        Respondent-Appellant.

_____

Appeal from the Iowa District Court for Scott County, Bobbi M. Alpers, Judge.

A father appeals the court's dismissal of his application to modify his child support. **REVERSED AND REMANDED.**

Eric Onyango, Chicago, Illinois, appellant pro se.

Thomas J. Miller, Attorney General, and Kevin E. Kaufman, Assistant Attorney General, Child Support Recover Unit, Davenport, for appellee.

Considered by Vogel, P.J., and Potterfield and Mullins, JJ.

**MULLINS, Judge.**

Eric Onyango filed an application to modify his child support obligation on August 15, 2012. An order for temporary modification of child support was entered October 16, 2012, reducing Onyango's support obligation from $466.00 to $10.00 per month. A trial scheduling order was entered on October 26, 2012, setting the trial date for July 25, 2013, and setting a pretrial and settlement conference for 1:00 p.m. on June 27, 2013. The order indicates copies were sent to the mother of the child at issue, Onyango, and the child support recovery unit. Onyango and the mother of the child failed to appear at the settlement conference on June 27, 2013, though the child support recovery unit did appear. The court dismissed Onyango's application to modify and ordered his child support obligation to revert back to its original amount.

Onyango appeals, claiming the district court abused its discretion when it dismissed his application and when it increased his child support obligation without notice or a hearing. Onyango claims he received no notice of the settlement conference and only knew about the trial date because he called the clerk of court in December 2012 to ask whether a trial date had been set. He claims he was not told of the settlement conference date during this phone call.

Without Onyango specifically saying so, we interpret his claim to be that he did not receive a copy of the trial scheduling order. He also complains that the order does not appear on the Iowa Courts Online Docket Records. We have examined the trial scheduling order, which includes a file stamp indicating it was filed October 26, 2012 at 4:16 p.m., but the scheduling order does not appear in

the online court docket. While there is no requirement the order must appear in the online court docket, such failure raises a fair question as to whether it was in fact docketed and copies mailed to all the parties as required.

While judges have a great deal of discretion to impose sanctions for failing to comply with procedural rules, "[t]he range of that discretion narrows when the drastic sanctions of dismissal or default are imposed." *Kendall/Hunt Pub. Co. v. Rowe*, 424 N.W.2d 235, 240 (Iowa 1988). "Before the district court may impose either sanction, it must find that a refusal to comply was the result of willfulness, fault, or bad faith. Usually such a sanction is limited to those situations when a party has violated a district court's order." *Id.* The sanction of dismissal should be a "rare judicial act" because it deprives litigants of their day in court, which carries due process implications. *Id.* at 241; *see also Societe Internationale v. Rogers*, 357 U.S. 197, 209 (1958) ("These decisions establish that there are constitutional limitations upon the power of courts, even in aid of their own valid processes, to dismiss an action without affording a party the opportunity for a hearing on the merits of his cause.").

In the absence of any finding of willfulness or bad faith on the part of Onyango, we conclude it was an abuse of discretion to dismiss his application to modify his child support obligation when he failed to attend the settlement conference. We therefore reverse the district court's dismissal and remand the modification action for further proceedings. This decision likewise reinstates the temporary child support order entered October 16, 2012.

**REVERSED AND REMANDED.**